UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY LAMPTON,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN D. SHINN,<br><br>    Respondent. | No. CV 16-6187-VAP (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION WITH PREJUDICE |

Before the Court is the latest in a 20-year-long effort by Petitioner, a federal inmate currently incarcerated at the Federal Correctional Institute Victorville in Adelanto, California, to overturn his 1997 conviction and sentence in the United States District Court for the Eastern District of Louisiana.[1] After the Fifth Circuit Court of Appeals affirmed and the Supreme Court denied his petition for writ of certiorari, Petitioner filed a motion to vacate his conviction in the district court in Louisiana, pursuant to 28 U.S.C. § 2255, which was granted with respect to a conspiracy

---

[1] Petitioner was found guilty by a jury of engaging in a continuing criminal enterprise; conspiracy to distribute heroin, cocaine, cocaine base, and marijuana; three counts of distribution of heroin; and fraudulent use of a telecommunications instrument. (Petition at 4.) He was sentenced to life without parole. (Petition at 4.)

conviction but was denied with respect to all of his other claims. (Motion to Dismiss at 3.) Petitioner then filed a motion to amend the judgment in the district court in Louisiana, pursuant to Federal Rule of Civil Procedure 59(e). (Petition, Exh. 5 at 3-4.) In August 2001, the district court denied the motion. (Petition, Exh. 6 at 4-5.)

Subsequently, "between 2003 and 2010, [Petitioner] filed ten challenges to his conviction and sentence: three authorizations to file successive § 2255 petitions, three petitions under 28 U.S.C. § 2241, three motions under Federal Rule of Civil Procedure 60(b), and one motion for a nunc pro tunc order." *In re Lampton*, 667 F.3d 585, 587 (5th Cir. 2012). In the first of the § 2241 petitions, filed in the Eastern District of Louisiana, Petitioner contended that he was "actually innocent" under Fifth Circuit precedent, citing *United States v. Bass*, 310 F.3d 321 (5th Cir. 2002) (holding buyer-seller relationship alone not enough to support conviction for continuing criminal enterprise). The district court dismissed the petition and, in February 2007, the Fifth Circuit affirmed that ruling. *Lampton v. Menifee*, 218 Fed. App'x 301 (5th Cir. 2007) (holding *Bass* did not provide a basis for Petitioner to proceed under § 2241).

In February 2008, Petitioner filed a § 2241 petition in this court, contending that he was actually innocent under *Bass*. The Court denied the petition on the ground that it should have been filed in Louisiana under § 2255. (*Lampton v. Norwood*, CV 08-171-AHM (PJW), March 9, 2009 Report and Recommendation at 4-7; July 16, 2009 Order.) In September 2009, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Lampton v. Norwood*, CCA No. 09-56223, September 28, 2009 Order.) Petitioner has since filed several more

applications for relief in the Eastern District of Louisiana.[2] (Motion to Dismiss at 5-6.)

On August 17, 2016, Petitioner filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241 ("Petition"). In the Petition, he argues--just as he did in his previous petition in this court and as he has done repeatedly in the Eastern District of Louisiana--that he is actually innocent because the Fifth Circuit's decision in *Bass* effectively "invalidated" his conviction for engaging in a continuing criminal enterprise. (Petition at 1-2, 4.) In October 2016, Respondent filed a motion to dismiss the Petition on the ground that it was not the proper vehicle to challenge his conviction and sentence. In November 2016, Petitioner filed a response to the motion. For the reasons explained below, the motion is granted and the action is dismissed with prejudice.

As the Court has explained to Petitioner before, he may not challenge the legality of his conviction or sentence in this court under § 2241 and must, instead, proceed under § 2255 in the district court in Louisiana. *See* 28 U.S.C. §§ 2255(a), 2241(a); *see also Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Petitioner disagrees. He argues, as he did previously, that he is entitled to proceed pursuant to the "savings clause" of § 2255, which allows a prisoner to raise constitutional or statutory claims under § 2241 if his remedy under § 2255 is "inadequate or ineffective to test the

---

[2] The Court takes judicial notice of the Fifth Circuit's August 20, 2014 Order, denying Petitioner's application to file a successive § 2255 motion in which he sought to raise the same claims presented in the instant Petition. That court also sanctioned him $400 and barred him from filing any additional challenges to his conviction until he paid the sanction. (*In re Lampton*, CCA No. 14-30387, August 20, 2014 Order.)

legality of his detention." *See, e.g., Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This argument is rejected.

The Ninth Circuit has held that § 2255's remedy is "inadequate or ineffective" only where a petitioner can show that he is "factually innocent" and has never had an "unobstructed procedural shot" at presenting his claim to a court. *See Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). Petitioner fails on both counts. First, he has failed to show that he is factually innocent. Although he argues that the government did not prove that he "supervised" the buyer involved in the drug transactions that were presented as predicate violations to the jury, he has failed to argue, let alone prove, that he did not supervise others.[3]

Second, he has already had an unobstructed opportunity to present this claim to the district court in Louisiana and the Fifth Circuit Court of Appeals. In fact, he has done so on numerous occasions. The fact that these courts rejected his arguments does not mean he did not have a chance to raise his claims, opening the door for him to file a § 2241 petition in this district.[4]

---

[3] Indeed, the district court made this same point in its August 2001 order denying Petitioner's Rule 59(e) motion. (Petition, Exh. 6 at 4-5.)

[4] It appears that Petitioner is attempting to take advantage of the different standards between the Fifth and Ninth Circuits with respect to § 2255's savings clause. The Ninth Circuit has held that the savings clause may be available where "the legal basis for [the] claim did not arise until after he had exhausted his direct appeal and first § 2255 motion" and "the law changed . . . relevant to [the] claim after that first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). By contrast, under the Fifth Circuit's more stringent standard, a petitioner must demonstrate "(1) his claim is based on a retroactively applicable Supreme Court

4

The Court has considered whether the case should be transferred to the Eastern District of Louisiana or the Fifth Circuit Court of Appeals instead of being dismissed. In light of those courts' repeated denials of Petitioner's claims, however, the Court concludes that the case is not sufficiently meritorious to warrant transfer. 28 U.S.C. § 1631; *see also United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). For these reasons, the Petition is dismissed for lack of jurisdiction.

Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its ruling, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255

---

decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him . . .; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition." *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). Obviously, the Fifth Circuit considered and denied Petitioner's savings-clause argument under *Christopher*. *Lampton*, 218 Fed. App'x 301, 301 (5th Cir. 2007).

motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

IT IS SO ORDERED.

DATED: April 28, 2017.

_____
VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

O:\VAP\ECF Ready\LA16CV06187 VAP(PJW)-ORD-R&R.wpd